### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GARY A. ZIERKE, ) | CASE NO. 8:08CV367 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM |
| ) | AND ORDER |
| MATTHEW R. MOLSEN, JEFF ) | |
| SHELTON, RICK CONRAD, MARK ) | |
| DREHER, and UNITED STATES OF ) | |
| AMERICA, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Defendants' Motion to Dismiss. (Filing No. 29.) As set forth below, the Motion is granted.

Also pending is Plaintiff's Motion to Dismiss Party. (Filing No. 33.) In his Motion, Plaintiff requests that Defendant Molsen be dismissed from this action. (Filing No. 33 at CM/ECF p. 2.) Defendants do not object to the dismissal of Defendant Molsen. (Filing No. 36 at CM/ECF p. 5.) The Motion to Dismiss Party is granted. Defendant Molsen is dismissed from this action without prejudice.

### I. BACKGROUND AND SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on July 16, 2008 in Hall County, Nebraska, District Court. (Filing No. 1-2, Attach. 1, at CM/ECF p. 2.) Defendants removed this matter to this court on August 14, 2008. (Filing No. 1.) Summarized and condensed, the Complaint alleges that, on February 14, 2008, Defendants obtained and executed a search warrant to search Plaintiff's home. (Filing No. 1-2, Attach. 1 at CM/ECF pp. 3-4.) Plaintiff generally alleges that Defendants lacked probable cause for the search warrant and lied in order to secure the warrant. Thus, the warrant was improperly obtained and the resulting search violated

Plaintiff's Fourth Amendment rights under the United States Constitution. (*Id.* at CM/ECF pp. 5-6.) Plaintiff seeks only monetary damages. (*Id.* at CM/ECF p. 7.)[1]

## II. THE FEDERAL CRIMINAL CASE

A review of this court's records shows that Plaintiff has an ongoing criminal action pending in this court. (*See* Case No. 4:08CR3067.) On July 8, 2008, Plaintiff, through counsel, filed a Motion to Suppress and Brief in Support in that matter. (Case No. 4:08CR3067, Filing Nos. 22 and 23.) The Motion to Suppress related entirely to the validity of the February 14, 2008, search warrant and makes the same basic claims as presented by Plaintiff in this action. (Case No. 4:08CR3067, Filing No. 23.) In his August 6, 2008 Report and Recommendation, Magistrate Judge Piester recommended denial of the Motion to Suppress in all respects, stating:

> In summary, there is no evidence creating even an inference that the affiant's statements in the application were false, nor that they were made with reckless disregard for the truth, nor that Investigator Conrad purposefully or recklessly concealed information material to any probable cause determination. *United States v. Williams*, 477 F. 3d 554 (8th Cir. 2007); *United States v. Frazier*, 280 F.3d 835, 845 (8th Cir. 2002).

(Case No. 4:08CR3067, Filing No. 33 at CM/ECF pp. 11-12.) Judge Kopf adopted the Report and Recommendation in its entirety on August 29, 2008. (Case No. 4:08CR3067, Filing No. 39.)

Recently, after a jury trial, Plaintiff was convicted of one count of Conspiracy and one count of Distribution of Methamphetamine. (Case No. 4:08CR3067, Filing No. 117.)

---

[1] Plaintiff also filed a Motion to Amend Complaint. (Filing No. 32.) The court has carefully reviewed the proposed Amended Complaint and finds that the allegations of the Complaint and the Amended Complaint are nearly identical. Given that Plaintiff's claims are dismissed as set forth below, amendment would be futile and the Motion to Amend is therefore denied.

Plaintiff is scheduled to be sentenced on those convictions on April 16, 2009. (Case No. 4:08CR3067, Filing No. 119.)

### III. DEFENDANTS' MOTION TO DISMISS

Defendants argue that dismissal is appropriate here, because Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[2] (Filing No. 31 at CM/ECF pp. 43-44.) The court agrees. Claims which cast doubt on the legality of a conviction or confinement may not be brought in a civil rights case, regardless of the relief sought. As set forth in *Heck*:

> We hold that, in order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87. Such a requirement "avoids parallel litigation over the issues of probable cause and guilt . . . and it precludes the possibility of the claimant [sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions

---

[2]Defendants make numerous other arguments which the court need not reach because of its finding that Plaintiff's claims are barred by *Heck*. However, the court notes that, had Plaintiff already been sentenced on his federal conviction, this action would be barred by the doctrine of collateral estoppel. *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

arising out of the same or identical transaction." *Id.* at 484 (citations and quotations omitted).

Here, Plaintiff previously raised his Fourth Amendment claims in his federal criminal case. Now, through this civil proceeding, Plaintiff seeks to re-litigate those claims. The trial record before Judge Kopf shows that the evidence obtained as a result of the search Plaintiff challenges here is central to his federal conviction. (Case No. 08CR3067, Filing No. 115 at CM/ECF p. 1 (trial exhibits 3-7; 8b).) Therefore, if Plaintiff were to succeed on his claims in this action, it would "necessarily implicate" the validity of Plaintiff's federal conviction. Stated another way, this court could grant none of the relief sought by Plaintiff without first determining that the Motion to Suppress was wrongly decided by Judge Kopf, and that Plaintiff's conviction was unlawfully obtained. As set forth above, the court must instead respect "the strong judicial policy" and avoid creating two conflicting decisions. The court cannot address these claims in an action brought pursuant to 42 U.S.C. § 1983. However, the court will dismiss Plaintiff's claims without prejudice to reassertion in a habeas corpus or similar proceeding.[3]

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Dismiss Party (Filing No. 33) is granted. The claims against Defendant Matthew R. Molsen are dismissed without prejudice;

2. Plaintiff's Motion to Amend (Filing No. 32) is denied;

---

[3]There is some question regarding whether Plaintiff's claims are properly brought under 42 U.S.C. § 1983 rather than as a *Bivens* action, because Defendants may not be state actors. The court need not resolve this question since *Heck* applies to both 42 U.S.C. § 1983 and *Bivens* actions. *Washington v. Sorrows*, 107 F.3d 876 (8th Cir. 1997) (unpublished); *see also Duffy v. Wolle*, 123 F.3d 1026, 1037 (8th Cir. 1997).

3. Defendants' Motion to Dismiss (Filing No. 29) is granted. This matter is dismissed without prejudice; and

4. A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 10th day of February, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge